# CIRCUIT COURT OF LOUDOUN COUNTY

Rosalyn A. Haram

v.

BTB Development
International, Inc.,
t/a Auto Warehouse
Direct of Chantilly

June 6, 2012

Case No. (Civil) 60364

BY JUDGE JAMES H. CHAMBLIN

This case, which involved claims of actual and constructive fraud, violation of the Virginia Consumer Protection Act (VCPA), and violation of the Magnuson-Moss Warranty Act, was tried with a jury on December 6, 7, and 8, 2011. At the conclusion of the plaintiff's evidence, I granted the defendant's motion to strike as to the Magnuson-Moss Warranty Act. The remaining claims went to the jury.

The jury returned a verdict in favor of the plaintiff on the VCPA claim against the defendant in the amount of $17,350. The jury found compensatory damages of $12,350, but increased their verdict to $17,350 finding that the defendant's violation of the VCPA was willful.

On the fraud claim, the jury found that the defendant committed actual fraud, but only found that the plaintiff should recover punitive damages of $25,000. The jury placed nothing in the blank for actual damages, but placed $25,000 in the blank for punitive damages.

Neither party requested a poll of the jury or asked to be heard before the jury was excused. Only the defendant asked for time to file post-trial motions.

Within the time set by the Court, the defendant, on December 29, 2011, filed a Post-Trial Motion to Strike Award for Punitive Damages. The

plaintiff filed a reply to the motion on January 5, 2012. The motion was argued on January 6, 2012. I took the motion under advisement.

On February 1, 2012, the plaintiff filed a Motion for Legal Fees. On March 12, 2012, this motion was set for hearing on April 23, 2012. My law clerk advised counsel that the defendant's Motion to Strike Award for Punitive Damages was granted and that I would advise counsel of my reasons for granting the motion at the hearing set for April 23, 2012.

On April 23, 2012, I gave my reasoning for striking the punitive damages award. Thereafter, counsel argued the attorney's fee issues. I took the matter under advisement.

### Plaintiff's Motion for Legal Fees

The plaintiff seeks an award of attorney's fees for her claims for violation of the VCPA under Virginia Code § 59.1-204(B), providing that "in addition to any damages awarded, such person also may be awarded reasonable attorney's fees and court costs," and as an element of her damages for actual fraud under *Prospect Devel. Co. v. Bershader*, 258 Va. 75, 91-93, 515 S.E.2d 291 (1999).

Because the plaintiff did not recover any compensatory damages for actual fraud pursuant to the jury verdict she is not entitled to an attorney's fee award as part of any damages for actual fraud. Therefore, she is entitled to recover attorney's fees and court costs in this case only under the VCPA, specifically Va. Code § 59.1-204(B).

In the Motion for Legal Fees, the plaintiff asked for $66,337 in attorney's fees and court costs. The plaintiff attached to her Motion the Declaration of A. Hugo Blankingship, III, Esquire, as an expert attorney supporting Mr. Gayle's legal fees request. The defendant objected to the use of this Declaration because, due to illness, Mr. Blankingship was not available for cross-examination, and, further, that he was not designated pretrial as an expert.

On November 7, 2011, before trial, the defendant did not object to the granting of the plaintiff's motion to bifurcate, which stated, in pertinent part, that "the issue of reasonable attorney's fees . . . should be reserved for the Court to decide in a bifurcated hearing on another day if the jury returns a verdict for the Plaintiff under the VCPA or the Magnuson-Moss Warranty Act."

Based on the words used in the plaintiff's motion to bifurcate, I ruled that the attorney's fees issue is not part of the trial before the jury, but something to be heard only by the Court. I further ruled that the award of attorney's fees and court costs lies within the discretion of the Court.

The plaintiff decided to go forward without using Mr. Blankingship as a witness. The plaintiff also tendered to the Court a new invoice for professional services dated April 23, 2012, in which she now asks for

attorney's fees of $65,481 and court costs of $349, for a total of $65,830, less than in the Motion for Legal Fees.

The plaintiff also filed a Memorandum in Support of Her Request for Attorney's Fees when she filed her Motion for Legal Fees on February 1, 2012. In the Memorandum, she argues that she is entitled to recover attorney's fees and costs under the VCPA, her fee request is reasonable, she was awarded by the jury all she asked for, the fees are consistent with those charged for similar services, and she is also entitled to recover her fees for pursuing a fee request.

The plaintiff also attached as an exhibit to her Motion for Legal Fees a declaration of her attorney concerning the fees requested. I ruled that I would consider this declaration and that counsel for the defendant could question the plaintiff's attorney as to his declaration. Counsel for the defendant did not do so.

The defendant presented a broad, wide-scale attack on the fee request. Counsel for the defendant argued that the fee request was too high, the plaintiff's counsel's hourly rate was too high, and the plaintiff's counsel spent too much time on various aspects of the case considering his expertise and experience in consumer issues. Counsel for the defendant argued that almost every item on the six pages of the invoice dated April 23, 2012, was unreasonable as being either too high, too much, or just plain unreasonable.

At first glance it might seem unreasonable that the plaintiff who obtained a jury verdict and resulting judgment for $17,350 should also be entitled to an attorney's fee award of $65,830. But, if you look closer and consider all the circumstances, it is not unreasonable.

This case is consumer protection litigation. The General Assembly has created a statutory exception to the American Rule, each party pays his or her own attorney's fees, as part of the protection afforded to consumers who have been damaged by any of the acts prohibited by the VCPA. Giving the court the ability to award attorney's fees to a successful plaintiff lessens the chilling effect of having a plaintiff suing under the VCPA having to pay his or her own attorney.

This was not a simple case both legally and factually. Consumer cases that go to trial are never simple. The law is not what I would consider to be simple. They can be very complex, especially if other common law causes of action, e.g., fraud, are also asserted, as in this case.

Because of the nature of the fraud and the passage of time, it took a considerable amount of time for the plaintiff's counsel to investigate, locate witnesses, and prepare for trial.

The defendant vigorously defended this case. There was a demurrer that was argued and pretrial motions, in addition to a three-day jury trial and post-trial motions.

The hourly rate for the plaintiff's counsel at $390 per hour is certainly not unreasonable considering the hourly rates with which I am familiar in Northern Virginia and his experience and expertise in consumer law.

The plaintiff, who lives in Martinsburg, West Virginia, should not be penalized for obtaining experienced counsel in Richmond for a claim which arose in Loudoun County. Counsel should be compensated for travel time. I see no unreasonable travel time in this case for the plaintiff's counsel.

I think it is also significant that the jury which deliberated for a little over an hour found that the plaintiff was entitled to not only the actual damages she claimed but also increased damages based on a willful violation of the VCPA and actual fraud by the defendant.

I also do not think that the plaintiff's fees should be reduced because of either the striking of the Magnuson-Moss Act claim or the failure of the plaintiff to recover punitive damages. The time spent by the plaintiff's counsel on both issues was reasonable considering all the circumstances. I do not think that it is fair to adopt a position that a VCPA plaintiff is entitled to recover all the legal fees requested only if he or she prevails on each and every issue in the case.

Accordingly, the plaintiff is granted an attorney's fee award of $65,481 plus court costs of $349 for a total of $65,830, under the VCPA.